Abdul Kigozi
*Pro Se*
4513 Birchwood Court
North Brunswick, New Jersey 08902
(732) 821-6026

04 11719 JLT

| | |
|---|---|
| ABDUL KIGOZI ) <br> A 095-161-768 ) <br>   ) <br>   Plaintiff-Petitioner ) <br>   ) <br>   -against- ) <br>   ) <br> JOHN ASHCROFT, ATTORNEY ) <br> GENERAL, THOMAS RIDGE, ) <br> COMMISSIONER, DEPARTMENT ) <br> OF HOMELAND SECURITY, MICHAEL ) <br> J. GARCIA, ASSOCIATE SECRETARY ) <br> OF THE DEPARTMENT OF HOMELAND ) <br> SECURITY, IMMIGRATION AND ) <br> CUSTOMS ENFORCEMENT, ) <br> EDMOND CICCHI, WARDEN, ) <br> MIDDLESEX COUNTY ) <br> CORRECTIONAL FACILITY ) <br>   ) <br>   Defendants-Respondents ) <br>   ) | UNITED STATES DISTRICT COURT <br> DISTRICT OF MASSACHUSSETS <br><br> Civil Action No. _____ <br>   MAGISTRATE JUDGE _____ <br><br> <u>COMPLAINT AND</u> <br> <u>HABEAS CORPUS PETITION</u> <br><br> RECEIPT # 57734 <br> AMOUNT $ 5 <br> SUMMONS ISSUED N/A <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. ___ <br> DATE 6/4/04 |

Plaintiff-Petitioner, Abdul Kigozi (Petitioner or Mr. Kigozi), alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an action brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §2241, 5 U.S.C. §551 *et seq.*, 28 USC §2201, *et seq.*, and the All Writs Act, 28 U.S.C. §1651 for declaratory and injunctive relief, to protect the Petitioners rights under the Due Process Clause of the Fifth Amendment to the Constitution applicable federal law, and to issue a writ of habeas corpus, and enjoin Mr. Kigozi's removal from the United States.

1

2. Subject matter jurisdiction is based upon 28 U.S.C. §1331, 28 U.S.C. §1350, and 28 U.S.C. §2241. This Court may grant relief pursuant to the Administrative Procedure Act ("APA") under 5 U.S.C. §§551 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, and 28 U.S.C. §§2241 *et seq.*

3. Venue is proper and lies in this United States District Court for the District of Massachussetts which has jurisdiction over the Office of the Immigration Judge, Executive Office for Immigration Review ("EOIR") located in Boston, Massachussetts where the removal proceedings in this matter were conducted.

## PARTIES

4. Petitioner, Mr. Kigozi, is an applicant for admission to the United States. He was placed in removal proceedings by the Department of Homeland Security, Immigration and Customs Enforcement. While in removal proceedings, Mr. Kigozi sought political asylum pursuant to §208 of the Immigration and Nationality Act (INA) codified at 8 U.S.C. §1158, withholding or deferral of removal pursuant to §241(b)(3) of the INA codified at 8 U.S.C. §1231(b)(3), or Article 3 of the Convention Against Torture.

5. Defendant, John Ashcroft, is sued in his official capacity as the Attorney General of the United States. In this capacity, he has responsibility for the administration of the immigration laws of the United States pursuant to 8 U.S.C. §1103 and routinely does and transacts business in the District of Massachussetts. Furthermore, he oversees the Board of Immigration Appeals ("BIA") which entered the final decision in removal proceedings on June 29, 2004 which is the subject of this complaint and petition for habeas corpus.

6. Defendant, Thomas Ridge, is sued in his official capacity as the Commissioner of the Department of Homeland Security (DHS). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103, routinely does and transacts business in the District of Massachusetts.

7. Defendant, Michael J. Garcia, is sued in his official capacity as the Associate Secretary of the DHS, U.S. Immigration and Customs Enforcement. In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103, routinely does and transacts business in the District of Massachusetts, and is legally responsible for carrying out any order of removal against Mr. Kigozi.

8. Defendant, Bruce Chadbourne, is sued in his official capacity as the Field Office Director for DHS, U.S. Immigration and Customs Enforcement for the office located in Boston, Massachussetts. In this capacity, he is legally responsible for carrying out any order of removal against Mr. Kigozi, and routinely does and transacts business in the District of Massachusetts.

**EXHAUSTION OF REMEDIES**

9. Petitioner, Mr. Abdul Kigozi, has exhausted his administrative remedies to the extent required by law and his only remedy is by way of this judicial action. Petitioner's appeal of his order of removal was denied by the BIA on June 29, 2004 in a decision affirming the Immigration Judge's decision without opinion pursuant to 8 C.F.R. §1003.1(e)(4).

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

10. The Petitioner, Mr. Abdul Kigozi, is a native and citizen of Uganda. He was born on November 16, 1965. He was admitted to the United States on or about

3

November 17, 1999 on a tourist visa (B-2) through New York, New York. He was found removable from the United States for having remained in the United States past the period of time for which he was authorized pursuant to INA §237(a)(1)(B).

11. The Petitioner, Mr. Kigozi, states that he was detained and tortured by the Ugandan authorities due to his activities in an organization opposed to the Ugandan government called the Allied Democratic Front in May 1994.

12. The Petitioner, Mr. Kigozi, states that he will again be subjected to imprisonment and torture upon his return to Uganda. This is supported by the documentation on human rights conditions.

13. The Petitioner, Mr. Kigozi, states that he also fears returning to Uganda based on his status as a person with HIV (human immunodeficiency virus) which was diagnosed after arriving here in the United States in October 2000.

14. After receiving the diagnosis that he is HIV positive and that he had tuberculosis, he was quarantined for a period of time.

15. On September 24, 2001, the Petitioner filed an application for political asylum by submitting Form I-589 to INS Asylum Office (now "DHS")

16. The Petitioner, Mr. Kigozi, described the persecution that he suffered at the hands of the Ugandan authorities.

17. The Petitioner described how his discovery of his status as a person with HIV impacted on his life.

18. The Immigration Judge denied the Petitioner's applications for relief in the form of asylum, withholding of removal, and under the Convention Against Torture.

19. The BIA denied the Petitioner's applications for relief including asylum based on the finding that the Petitioner, Mr. Kigozi, had not filed to file within the requisite period of one (1) year after entering the United States and had failed to demonstrate that one of the exceptions under INA §208(a)(2)(D) applied. This was notwithstanding his devastating discovery of his diagnosis as being HIV positive and difficulties with his attorney not having filed the application despite having contracted with him prior to the one (1) year filing deadline and made his first payment of legal fees on March 8, 2000.

20. The Petitioner challenges the lawfulness of his final order of removal from the United States and asserts that he was and remains eligible for the relief sought including political asylum, withholding or deferral of removal pursuant to §241(b)(3) of the INA codified at 8 U.S.C. §1231(b)(3), or Article 3 of the Convention Against Torture.

## LEGAL BACKGROUND

21. The Petitioner challenges the lawfulness of his final order of removal from the United States and asserts that he was and remains eligible for the relief sought including political asylum, withholding or deferral of removal pursuant to §241(b)(3) of the INA codified at 8 U.S.C. §1231(b)(3), or Article 3 of the Convention Against Torture.

## FIRST CLAIM FOR RELIEF

22. The allegations set forth in paragraphs 1 through 21 above are repeated and re-alleged as though fully set forth herein.

23. The challenges the lawfulness of his final order of removal from the United States and asserts that he was and remains eligible for the relief sought including political

asylum, withholding or deferral of removal pursuant to §241(b)(3) of the INA codified at 8 U.S.C. §1231(b)(3), or Article 3 of the Convention Against Torture.

### PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Honorable Court grant the following relief:

(1)   Grant the writ of habeas corpus;

(2)   Issue an injunction enjoining Respondents from deporting Petitioner;

(3)   Vacate the final order of removal issued by the Board of Immigration Appeals and grant the Petitioner's application(s) for relief including withholding or deferral of removal pursuant to §241(b)(3) of the INA codified at 8 U.S.C. §1231(b)(3), or Article 3 of the Convention Against Torture, or alternatively remand the case for further proceedings;

(4)   Vacate the prior order of deportation and remand the case to the Board or the Immigration Court for consideration of relief under former INA; and,

(5)   Grant any other and further relief that this Honorable Court deems just and proper.

Respectfully submitted,

Dated: 07/28/04

Abdul Kigozi, *Pro Se* Plaintiff-Petitioner

## PROOF OF SERVICE

I, Abdul Kigozi, hereby declare:

I am over eighteen (18) years of age and am a party to the above-entitled action. My address is 4513 Birchwood Court, North Brunswick, New Jersey 08902. On July 28, 2004, I caused the enclosed documents described as follows:

1. Complaint and Petition for Habeas Corpus
2. Copy of BIA Decision
3. Proof of Service

To be served by regular mail to the following party in said action by placing them in an envelope and mailing said envelope to the addresses set forth below

Honorable John Ashcroft, Attorney General of the United States
c/o U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Thomas Ridge, Commissioner of Department of Homeland Security
c/o Office of General Counsel
U.S. Department of Homeland Security
Washington, D.C. 20258

Michael J. Garcia,
Associate Secretary of the DHS, U.S. Immigration and Customs Enforcement
c/o Office of General Counsel
U.S. Department of Homeland Security
Washington, D.C. 20258

Bruce Chadbourne
Field Office Director for Director for Detention and Removal
Immigration and Customs Enforcement
Boston District Office
John F. Kennedy Federal Building
Government Center
Boston, MA 02203

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: 07/28/04

_____
Abdul Kigozi



U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

Hicks, Gerald O., Esquire
161 Harvard Avenue
Suite 13
Allston, MA 02134-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: KIGOZI, ABDUL

A95-161-768

Date of this notice: 06/29/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
    HURWITZ, GERALD S.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A95-161-768 - BOSTON                                Date:

In re: KIGOZI, ABDUL                                        JUN 29 2004

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Hicks, Gerald O., Esquire

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. See 8 C.F.R. § 1003.1(e)(4).

FURTHER ORDER: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the alien is permitted to voluntarily depart from the United States, without expense to the Government, within 30 days from the date of this order or any extension beyond that time as may be granted by the district director. See section 240B(b) of the Immigration and Nationality Act; 8 C.F.R. §§ 1240.26(c), (f). In the event the alien fails to so depart, the alien shall be removed as provided in the Immigration Judge's order.

NOTICE: If the alien fails to depart the United States within the time period specified, or any extensions granted by the district director, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act. See section 240B(d) of the Act.

FOR THE BOARD