UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABDUL KIGOZI,
        Petitioner,

                                            CIVIL ACTION
v.                                           NO. 04-11719-JLT

JOHN ASHCROFT, et al.,
        Respondents.

### MEMORANDUM AND ORDER

TAURO, D. J.

        For the reasons stated below, this action will be transferred to the United States Court of Appeals for the First Circuit.

### BACKGROUND

        On July 29, 2004, Abdul Kigozi filed a document titled "Complaint and Habeas Corpus Petition," and submitted the $5 filing fee for habeas corpus actions. Kigozi, a native of Uganda, alleges that he entered the United States in 1999 on a tourist visa, and was placed in removal proceedings at some subsequent date for overstaying that visa. Petition ¶ 10. He contends that he previously was tortured in Uganda for his political activities and states that he is HIV-positive. Id. at ¶¶ 11-14.

        Kigozi claims that his applications for political asylum, withholding of removal, and relief from removal under the Convention Against Torture were all denied during his proceedings before the immigration judge, and that the Board of Immigration Appeals ("BIA") affirmed the immigration judge's decision in an order dated June 29, 2004. Id. at ¶¶ 15-20, Ex. 1. He seeks orders (1) enjoining his removal; (2) vacating the final order from the BIA and granting his applications for relief from removal; or, in the alternative, (3) an order remanding his case to the BIA for further proceedings. Petition, p. 6 (Prayer for Relief).

ANALYSIS

I     Transfer to the First Circuit

Because it appears that the relief sought by Kigozi should be requested in the first instance from the circuit court of appeals or is not available in this Court,[1] and because Kigozi has timely filed these documents within the 30-day period for seeking First Circuit review of the BIA decision denying his applications for political asylum and withholding of removal, I will transfer this action to the First Circuit pursuant to Section 1631. Batista v. Ashcroft, 270 F.3d 8, 12 (1st Cir. 2001) (approving of transfer under similar circumstances); 8 U.S.C. § 1252(a)(3)(b)(1) (alien seeking judicial review of a removal order must file a petition for review in court of appeals within 30 days of the date of the order); 28 U.S.C. § 1631 (when a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall, in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed).

---

[1] Kigozi frames this action as both a "complaint" and a petition for a writ of habeas corpus. To the extent that Kigozi purports to bring this action as a complaint pursuant to the Administrative Procedure Act, 5 U.S.C. § 551 et seq.; the Declaratory Judgment Act, 28 U.S.C. § 2201; and the All Writs Act, 28 U.S.C. § 1651, none of these acts is an independent source of subject-matter jurisdiction. See, e.g., Califano v. Sanders, 430 U.S. 99, 107 (1977) (APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action); 5 U.S.C. § 701(a)(2) (APA expressly does not apply where "agency action is committed to agency discretion by law."); Skelly v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (Declaratory Judgment Act is not an independent source of jurisdiction); cf. 8 U.S.C. § 1158 (stating that "no court" shall have jurisdiction to review Attorney General's decision that a petition is untimely, among other decisions).

To the extent that Kirgozi purports to bring this action as a complaint, this Court would have jurisdiction to review any constitutional and statutory claims, Goncalves v. Reno, 144 F.3d 110, 113 (1st Cir. 1998) (pure issues of law may be raised in habeas), but only a courts of appeals would have jurisdiction to directly review the merits of the BIA decision denying him withholding of removal and asylum. See 8 U.S.C. § 1252(b)(9) (judicial review of all questions of law and fact arising from removal proceedings shall be available only in judicial review of a final order); Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) ("zipper clause of § 1252(b)(9) channels review of removal proceedings exclusively in the court of appeals); St. Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir. 2003) (district courts may not review via a habeas petition an alien's challenge to an agency's decision to exercise or not exercise its discretion to grant relief).

## CONCLUSION

     ACCORDINGLY, this action will be transferred to the United States Court of Appeals for the First Circuit, and the Clerk shall enter an order of dismissal without prejudice for this action.

SO ORDERED.

| | |
|---|---|
|  8/12/04 | s/ Joseph L. Tauro |
| DATE | UNITED STATES DISTRICT JUDGE |